IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISON

| | | |
|---|---|---|
| ANTHONY ANDERSON, | ) | CASE NO. 4:21-CV-00850-SL |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | UNITED STATES DISTRICT JUDGE |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| OFFICER NIGHTINGALE, | ) | CARMEN E. HENDERSON |
| | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendant, | ) | **AND ORDER** |

## I. Introduction

This is before the undersigned on Plaintiff's "motion to compel"—better considered a motion for default judgment (ECF No. 8)—and Defendant's motion for an extension of time to answer the Complaint (ECF No. 9). The undersigned was referred this case for general pretrial supervision, resolution of non-dispositive motions, and to prepare report and recommendations on dispositive motions. (ECF No. 3). Because Plaintiff has not filed an application for entry of default with the clerk, the undersigned recommends that the Court DENY Plaintiff's motion and the undersigned GRANTS Defendant's motion to extend in part.

## II. Background

Plaintiff filed his Complaint in this Court on April 23, 2021. (ECF No. 1). Plaintiff filed return of service on October 1, 2021. (ECF No. 7). The receipt of service indicated that on September 8, 2021, the Complaint and summons were delivered to "A. Morgan" at CoreCivic—

the place Defendant worked when the allegations behind the Complaint occurred. (ECF No. 7 at 2). Four months later, on February 10, 2022, Plaintiff filed a motion to compel, requesting the court to enter default judgment against Defendant. (ECF No. 8). On February 15, 2022, Defendant appeared and requested an extension of time to answer the complaint. (ECF No. 9). The undersigned then ordered Defendant to respond to Plaintiff's motion and allowed Plaintiff 30 days to respond to Defendant's motion. Defendant timely responded, arguing that the Complaint was not properly served. (ECF No. 10).

### III. Law and Analysis

#### A. Motion for Default Judgment

Plaintiff states that Defendant is in default for failing to answer the Complaint within 21 days and requests judgment compelling Defendant to "pay monies asked for as relief in Complaint." (ECF No. 9). Defendant responds that he was not served the summons or Complaint because Defendant stopped working at CoreCivic on July 28, 2020—before process was served there. (ECF No. 10-1).

As an initial matter, the undersigned concludes that this motion is not properly before the Court. Anderson has not made an application for entry of default to the clerk as required by Fed. R. Civ. P. 55(a). "An entry of default and a default judgment are distinct events that require separate treatment." *Ramada Franchise Sys., Inc. v. Baroda Enter., LLC*, 220 F.R.D. 303, 304 (N.D. Ohio 2004) (citations omitted). The entry of default by the clerk is a prerequisite to this Court entering a default judgment. *Id.* at 305 (citing *Systems Indus., Inc. v. Han*, 105 F.R.D. 72,

74 (E.D. Pa. 1985). Therefore, the undersigned recommends that the Court deny the motion for default judgment without prejudice.[1]

B.  **Motion for Extension of Time**

Importantly, Fed. R. Civ. P 55(a) provides for default judgment "[w]hen a party against whom judgment for affirmative relief is sought has failed to plead or otherwise defend." This is no longer the case here. Defendant has made an appearance and attempts to defend this action. (ECF No. 9, 10). The time for an entry of default has, therefore, passed. Accordingly, in addition to recommending that the Court deny Plaintiff's motion, the undersigned grants Defendant's motion for an extension of time to answer the Complaint. Because Defendant's proposed date has passed, the Court gives Defendant 21 days from this order to answer the Complaint.

IV.  **Conclusion**

For the foregoing reasons, the undersigned recommends that the Court DENY Plaintiff's motion to compel. The undersigned also grants in part Defendant's motion for an extension of time. Defendant has 21 days from the date of this order to answer Plaintiff's Complaint.

Dated: March 24, 2022

s/ *Carmen E. Henderson*
CARMEN E. HENDERSON
U.S. MAGISTRATE JUDGE

---

[1] The Court notes that had Anderson properly applied for entry of default, the end result would be the same. "A party against whom a default judgment has been entered may petition the court to set aside the default judgment under Rules 55(c) and 60(b) for good cause, and upon a showing of mistake, or any other just reason." *Weiss v. St. Paul Fire & Marine Ins. Co.*, 283 F.3d 790, 794 (6th Cir. 2002). The court considers: 1) whether the opposing party would be prejudiced; 2) whether the proponent had a meritorious claim or defense; and 3) whether the proponent's culpable conduct led to the default. *Id.* Nightingale's default was not due to culpable conduct but occurred because he had not received the Complaint and summons. Nightingale has raised a valid defense. The undersigned finds no prejudice in allowing Nightingale—who appeared just five days after Anderson's motion for default judgment—to proceed with the case. "[T]rials on the merits are favored in federal courts, and any doubts should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits." *Id.* at 795.

_____

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *Berkshire v. Beauvais*, 928 F.3d 520, 530–31 (6th Cir. 2019).